. [No. 6247.]

# T. C. JACKSON v. JOHN LEBAR AND A. M. HATH-AWAY.

MOTION TO STRIKE OUT.—It is only irrelevant and redundant matter which
may be stricken from a pleading by virtue of the provisions of sec. 453,
Code of Civil Procedure.

AVERMENT OF FACT NOT IRRELEVANT.—An averment of a fact constituting
the plaintiff's cause of action cannot be said to be irrelevant or redundant
to itself.

APPEAL from the District Court of the Eighteenth Judicial District, San Bernardino County.

This was an action against the defendants as sureties upon an undertaking in an attachment suit brought by one Leahy against the plaintiff. In that suit Leahy attached two thousand dollars in money in bank belonging to the plaintiff herein, and detained it for fifty days, when judgment was rendered against Leahy and in favor of Jackson for costs. The complaint in this action alleged the foregoing facts, and added the following:

" That at the time of the issuing of said attachment this plaintiff was engaged as a trader in sheep, buying the same in San Bernardino County, State of California, and driving them to the Territory of Utah.

" That in conducting said business it was necessary to have on hand at all times large sums of money for the care and defraying the expenses of keeping and driving said sheep to Utah Territory; and plaintiff then had in his possession and belonging to him, which he had purchased for the purpose of driving to Utah Territory, six thousand sheep, and had on hand, deposited in the Bank of San Bernardino, in the Town and County of San Bernardino, State of California, two thousand dollars, which he intended for use in defraying expenses of driving the said six thousand head of sheep already purchased to the Territory of Utah, and for the purchase of other sheep, to be driven along at the same time and with the said six thousand head already purchased.

" That said Sheriff, pursuant to said attachment, levied upon said two thousand dollars in said bank, and kept this plaintiff

out of possession or control of the same for the space of fifty days, whereby plaintiff was subjected to great inconvenience and expense to raise money to defray the expense of keeping and caring for the said six thousand sheep already purchased, to wit, the sum of four hundred dollars, and plaintiff was deprived of an opportunity to make a profitable purchase of sheep with a portion of said money so attached, whereby he lost and was damaged in the further sum of four hundred dollars.

" That by reason of said attachment the plaintiff was subjected to great loss of time, to wit, fifty days, and that said time was reasonably worth five hundred dollars, and plaintiff was damaged in that amount by reason of his said loss of time, in consequence of said attachment.

" That plaintiff was damaged by reason of said attachment proceedings in the sum of three hundred dollars for personal expenses, expended necessarily and actually while detained in consequence of said attachment of his said two thousand dollars.

" That plaintiff was damaged in the further sum of one hundred and seventy-five dollars—cash expended actually and necessarily as attorney's fees, in consequence of said attachment of his said two thousand dollars by said David Leahy.

" That plaintiff has been damaged in the further sum of fifteen dollars, in consequence of depreciation in the gold coin value of the said two thousand dollars attached as aforesaid."

The defendants filed a general demurrer, which was overruled and he answered. At the beginning of the trial, upon motion of the defendants, the Court struck out the foregoing paragraphs as irrelevant and redundant, the plaintiff excepting. The case was then dismissed for want of jurisdiction, the sum sued for being less than three hundred dollars. The defendants appealed.

*J. D. Boyer*, for Appellants

The case ought not to have been dismissed for want of jurisdiction. The test of jurisdiction is the amount claimed by plaintiff. (*Maxfield* v. *Johnson*, 30 Cal. 545 ; *Solomon* v. *Reese*, 34 Cal. 28 ; 6 Nev. 152.) It makes no difference

whether it requires the judicial determination of the Court upon questions of law applied to the matters of fact set forth in the complaint, or to questions of law and fact applied to the testimony educed at the trial; in either case the Court gives the plaintiff what it considers him entitled to, or refuses to give him anything, and the claim of the plaintiff gives the Court jurisdiction to fully determine the matter; besides there was a demand for four hundred dollars not stricken out.

On this appeal the order of the District Court granting the motion to strike out portions of the complaint can be reviewed. (Code of Civil Procedure, sec. 956:)

It was excepted to, and by sec. 647 Code of Civil Procedure it is deemed excepted to, and therefore no bill of exceptions is required.

The motion is made under sec. 453 Code of Civil Procedure, and is based and granted on the grounds that the matter so stricken out is irrelevant and redundant, while it appears by inspection that the causes of action stricken out are of the substance of the suit, and not prolixity and needless detail in statement which the statute contemplates.

It would seem by the practice of the District Court in this case that the office of the motion to strike out is co-extensive with that of both the general and special demurrer, and that on such motion the Court may determine the legal sufficiency of any cause of action or of all causes of action. The true object of the motion, as indicated by the statute, is to leave the cause of action, no matter how defectively stated, to be tested under the rules of pleading by demurrer or answer, and to eliminate from the pleadings only those matters which are redundant or unnecessary to the cause of action stated. (*Green* v. *Palmer*, 15 Cal. 415, 416.)

The attorney's fees actually paid are proper matter of damages. (Code of Civil Procedure, sec. 1021; *Ah Thaie* v. *Quan*, 3 Cal. 218, 219; *Wilson* v. *McEvoy*, 25 Cal. 169; *Prader* v. *Grimm*, 28 Cal. 11; Sedgwick on the Measure of Damages, 6th ed., 488, n. 2.)

The loss in getting other money to use is a proper matter of damages, money being a usable article. (Sedgwick on Damages,

6th ed., 79, 80, 81, 82, 83, 84, 85, and notes; *Washington Ice Co.* v. *Webster*, 16 American Reports, 470.)

*Andrew B. Paris*, for Respondent.

The Court did not err in granting the motion to strike out.

Damages must be proximate, and not remote, contingent, or speculative. Contingent, contemplated, and speculative profits are not allowed. (Sedgwick on Damages, 6th ed., secs. 38, 58, 60, 70 and note II, 71 and note I; *Muldrow* v. *Norris*, 2 Cal. 74; Drake on Att., 4th ed., p. 132, secs. 175–6, p. 120, sec. 156; *Hurd* v. *Barnhart*, Pacific Coast Law Jour. 246, c c 3300.)

As to counsel's fees: (Code of Civil Procedure, sec. 1021; Harston's Practice, note to sec. 1021; *Williams* v. *McDougall*, 39 and 85; Drake on Att. secs. 175–6, p. 132; 3 Parsons on Con., p. 176, sec. 164; also note I; Sedgwick on Dam., sec. 34, and note I; same, pp. 108–10 and 115; *Heath* v. *Lent*, 1 Cal. 410; *Oertrichs* v. *Spain*, 15 Wall. 211.)

The only damages the law allows for the detention of money under its process is the legal interest upon the amount detained. The rule is a fixed one. (*Heyman* v. *Landers*, 12 Cal. 111; Sedgwick on Dam., chap. 8; *Lally* v. *Wise*, 28 Cal. 539; 2 Parsons on Con., p. 489; 3 Parsons on Con., p. 155; Sedgwick on Dam., p. 33, sec. 37; p. 34, sec. 38.)

The Court did not err in dismissing the action for want of jurisdiction. (*Page* v. *Ellis*, 9 Cal. 248.)

The amount in controversy is what determines the jurisdiction, and the test is the amount sued for. (*Bradley* v. *Kent*, 22 Cal. 172; *Maxfield* v. *Johnson*, 30 Cal. 545; *Solomon* v. *Reese*, 34 Cal. 34.)

The plaintiff must recover, if at all, according to the averment of the complaint, and not according to what he asks in his prayer. (*Sterling* v. *Hanson*, 1 Cal. 479; *Wratten* v. *Wilson*, 22 Cal. 466; 6 Nev. 162.)

By the COURT:

The Court erred in sustaining the defendant's motion to strike out portions of the complaint. The matters stricken out con-

stituted portions of the cause of action, and could have been reached only by special demurrer. It is only irrelevant or redundant matter which may be stricken from a pleading by virtue of the provisions of sec. 453, Code of Civil Procedure. An averment of the fact constituting the plaintiff's cause of action cannot be said to be irrelevant or redundant to itself. Judgment reversed and cause remanded, with directions to over-rule the motion to strike out portions of the complaint.

McKINSTRY, J., concurring:

I concur in the judgment reversing the judgment below, on the ground that the jurisdiction of the District Court was de-terminable by reference to the *ad damnum* clauses of the original complaint.

I dissent from the views expressed in the prevailing opinion, and from the direction that the motion to strike out be denied. The portions of the complaint stricken out were *irrelevant and redundant*, because they added nothing to the legal effect of the other averments. They were, therefore, properly stricken out. A *demurrer* lies only to an entire *count* of a pleading, and can-not be resorted to as a means of disposing of a portion of a distinct count, when the rest thereof contains a statement of a cause of action.

WALLACE, C. J., did not express an opinion.